**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **RAFAEL JOSE ROMERO LOPEZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-26-1090-R** |
| | ) |
| **WARDEN/ADMINISTRATOR OF** | ) |
| **DIAMONDBACK CORRECTIONAL** | ) |
| **FACILITY, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

**<u>REPORT AND RECOMMENDATION</u>**

Petitioner Rafael Jose Romero Lopez, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 8, and the Petition is at issue. Petitioner also filed a Motion to Supplement the Record, Doc. 5; a Motion to Prevent Transfer During Pending Habeas Proceedings, Doc. 7; and a Motion to Amend the Petition, Doc. 9.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time. The undersigned further recommends the Court deny Petitioner's pending motions as moot.

## I.    Background

Petitioner, a citizen of Venezuela, entered the United States on August 29, 2022, near El Paso, Texas. Resp. at 1; Doc. 11-2 at 1 (Notice to Appear). Petitioner presented himself for inspection and was placed into expedited removal proceedings on August 31, 2022. Resp. at 1; Doc. 11-1 at 1 (Notice and Order of Expedited Removal). On September 17, 2022, following a credible fear determination, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged with being inadmissible (1) under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection and (2) under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as someone not in possession of valid entry documents. Resp. at 1; Doc. 11-2 at 1. Respondents allege Petitioner was detained pursuant to 8 U.S.C. § 1225(b)(1) at that time. Resp. at 1.

On November 15, 2022, Petitioner was released from ICE custody on interim parole under 8 U.S.C. § 1182(d)(5). Resp. at 2; Doc. 11-3 at 1 (Interim Notice Authorizing Parole). Petitioner alleges he complied with all ICE reporting requirements and maintained community ties during his release. Pet. at 8; Doc. 6 at 1. During his release, Petitioner also received Temporary Protected Status ("TPS") and filed an application for asylum. Pet. at 5 (discussing pending asylum-related relief); Doc. 1-1 at 4 (Notice of TPS status).

On November 4, 2025, ICE re-detained Petitioner upon execution of a warrant. Resp. at 2; Doc. 11-6 (Warrant for Arrest). Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(1). Resp. at 3. Petitioner alleges he requested a bond hearing before an Immigration Judge ("IJ") but has not received any hearing. *See* Pet. at 7 (alleging he "was transferred between detention facilities [and his] scheduled bond review did not meaningfully occur").

On October 9, 2025, an IJ denied Petitioner's asylum claim and ordered him removed to Venezuela. Pet. at 5; Doc. 11-4 at 1, 3 (IJ Order). However, Petitioner appealed his order of removal to the Board of Immigration Appeals ("BIA"). Doc. 11-5 at 1 (BIA Filing Receipt). Petitioner filed his brief at the BIA on June 25, 2026, and that appeal remains pending. Doc. 17 at 2; *see also* Doc. 6 at 1; Doc. 17-1 at 1 (BIA Briefing Schedule). Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

On December 18, 2025, while he was detained at Bluebonnet Detention Center in Anson, Texas, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Texas ("First Habeas Proceeding"). Pet. at 6; Doc. 1-2 (Northern District of Texas Order); *see also Lopez v. Garland*, No. 25-CV-283-H (N.D. Tex. Dec. 9, 2025). On May 8, 2026, the court denied and dismissed the First Habeas Petition, finding 8 U.S.C. § 1225(b)(2) governed Petitioner's detention based on the binding precedent for that court in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Pet. at 6; Doc. 1-2 at 1.

Petitioner was later transferred and, when he filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Pet. at 1. He remains detained

there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results

(last visited Aug. 13, 2026).

## II.    Petitioner's Claims

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process.**   Petitioner alleges he has been detained for "more than six months without a meaningful individualized custody review, in violation of [his] due process right." Pet. at 7.

- **Count II: Prolonged Detention.**  Petitioner alleges his "continued detention has become prolonged, excessive, and constitutionally unreasonable." *Id.*

- **Count III**:  **Prolonged Detention.**  Petitioner alleges his prolonged detention without a meaningful custody review constitutes "severe hardship." *Id*. at 7-8.

- **Count IV: No Individualized Justification for Detention**. Petitioner challenges his continued detention without "a meaningful individualized explanation" or "meaningful custody review." *Id*. at 8.

Liberally construed, Petitioner challenges his continued detention without the opportunity

for an individualized bond hearing in violation of the Immigration and Nationality Act

("INA") and due process.   He asks the Court to "find [his] continued detention

unconstitutional and order [his] release from ICE custody under reasonable conditions of

supervision." *Id*.

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in

violation of the Constitution or laws or treaties of the United States."   28 U.S.C.

§ 2241(c)(3).  "Challenges to immigration detention are properly brought directly through

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Analysis

### A.    Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Section 1225(b)(1) "governs procedures for the inspection of aliens arriving in the United States who have not been admitted or paroled."  *M.S.P.C. v. U.S. Customs & Border Prot.*, 60 F. Supp. 3d 1156, 1161 (D.N.M. 2014) (citing § 1225(b)(1)).

> Aliens who have not been admitted or paroled into the United States and who have not satisfactorily demonstrated to an immigration officer that the alien has been physically present in the United States continuously for the prior two years are subject to expedited removal without further hearing or review, unless the alien indicates an intention to apply for asylum or a fear of persecution, at which point the immigration officer shall refer the alien for an interview by an asylum officer.

*Id.* (citing § 1225(b)(1)(A)(i)-(iii)).  Section 1225(b)(1)(B)(ii) further requires that, if an asylum officer determines that a noncitizen has a credible fear of persecution, the noncitizen shall be detained for further consideration of the application for asylum.

Fundamentally, under § 1225(b)(1), a noncitizen who arrives at a port of entry and applies for admission is ordered removed "without further hearing or review" unless the noncitizen "indicates either an intention to apply for asylum" or expresses a fear of persecution.  If Petitioner is subject to this "expedited removal" under § 1225(b)(1), he is not entitled to a bond hearing.  But noncitizens detained under § 1225(b)(1)(B)(ii) can be

paroled under 8 U.S.C. § 1182(d)(5)(A).  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner challenges his continued detention without "a meaningful individualized explanation" or "meaningful custody review," Pet. at 8, which the undersigned liberally construes as a challenge to his detention under the INA.  Respondents maintain Petitioner is properly detained under § 1225(b)(1).  Resp. at 3.

First, the undersigned is not persuaded by Respondents' assertion that because Petitioner erroneously asserts he is detained under § 1225(b)(1), "the issue is accordingly foreclosed."  Resp. at 3.  "When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991); *see also United States v. Spradley*, 146 F.4th 949, 958 (10th Cir. 2025) (noting a court must "independently interpret the applicable statutory phrase irrespective of the parties' positions" (citation modified)). This is especially true here, where potentially three different provisions could govern Petitioner's current detention: (1) § 1225(b)(1), as Respondents allege; (2) § 1225(b)(2), as

6

determined in the First Habeas Proceeding; or (3) § 1226(a), consistent with case law in this District.[2]

Moreover, Petitioner was recently re-apprehended in the interior of the country and had been living in the United States for three years since his release in November 2022. The undersigned finds it implausible under these circumstances that Petitioner remains an "arriving alien."  Under § 1225(b)(1), "someone arriving in the United States is someone who has reached the border or a port of entry."  *Rafibaev v. Noem*, No. 26-CV-00461, 2026 WL 607559, at *3 (D. Colo. Mar. 4, 2026) (citation modified).  Thus, "upon his parole into the interior of the country, petitioner had arrived in the United States and was no longer a noncitizen *arriving* in the United States."  *Id.* (emphasis added) (citation modified).

Indeed, Judges in this District have found where a "Petitioner was paroled into the United States, permitted to reside in the interior of the country for several years, pursued

---

[2] For the same reason, the undersigned is not persuaded by Respondents' assertion that Petitioner's First Habeas Proceeding "can be given preclusive effect here," where that court held Petitioner was detained under § 1225(b)(2)(A).  The cases cited by Respondents, Doc. 17 at 2, do not require otherwise.  *See, e.g., Stanko v. Davis*, 617 F.3d 1262, 1268, 1272 (10th Cir. 2010) (concluding "a federal inmate does not need prior circuit authorization to pursue a second or successive habeas petition brought under § 2241" and while such petitions can be subject to 28 U.S.C § 2244(a), that statute "does not apply" to "alien detainees"); *see also Khan v. Current Sec'y of Dep't of Homeland Sec.*, No. 26-CV-00315, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026) ("The Tenth Circuit has squarely held that Section 2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees.").  Petitioner was detained within the territorial boundary of the Western District of Oklahoma when he filed his Petition, and it is thus governed by different case law than in his First Habeas Proceeding in the Northern District of Texas.  *See* Reply at 5 (noting the additional months of detention since the First Habeas Proceeding and "continuing lack of meaningful individualized review," and arguing the "prior denial does not authorize indefinite or prolonged detention without constitutional review").

his asylum application, and complied with the conditions of his release before being re-detained during a routine check-in with immigration authorities," his "detention is mo[st] naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)." *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026); *see also Aitiev v. Gantt*, No. CIV-26-997-R, 2026 WL 2125893, at *2 (W.D. Okla. July 23, 2026) (finding a noncitizen detained after revocation of § 1182(d)(5) humanitarian parole is held pursuant to § 1226(a) not § 1225(b)(1)); *Ochilov v. Grant*, No. CIV-26-526-R, 2026 WL 1896139, at *2 (W.D. Okla. July 1, 2026) (same); *Drozdov v. Lyons*, No. CIV-26-365-SLP, 2026 WL 1470929, at *2 (W.D. Okla. May 26, 2026) (same); *Kumar v. Johnson*, No. CIV-26-352-J, 2026 WL 937560, at *2 (W.D. Okla. Apr. 7, 2026) (same).

Therefore, consistent with this Court's prior decisions, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention and order a bond hearing. *See Aitiev*, 2026 WL 2125893, at *2 ("Because Respondents have not shown that § 1225(b) applies, the more general provisions of § 1226 govern Petitioner's detention."); *Ochilov*, 2026 WL 1896139, at *2 (same); *see also Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) ("An individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute.").

### B.    The proper remedy is a bond hearing.

Petitioner does not request a bond hearing and instead only seeks "release from ICE custody under reasonable conditions of supervision." Pet. at 8. However, the undersigned

concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a).

*See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1248, 1251 n.13 (10th Cir. 2026); *see also*

*Aitiev*, 2026 WL 2125893, at *2 (citing *Santillan Quiroz* and finding "that a bond hearing

is the proper remedy" where "the more general provisions of § 1226 govern" rather than

§ 1225(b)(1)).   Further, Judges in this District, including this Court, have consistently

declined to order burden shifting.   *See, e.g., Singh v. Figueroa*, No. CIV-26-600-R, 2026

WL 1181699, at *1 n.2 (W.D. Okla. Apr. 30, 2026) (denying petitioner's request for burden

shifting, and holding "although petitioner is entitled to a bond hearing under § 1226(a), the

Court declines to specify or alter the burden of proof at this stage" (citation modified)).

Therefore, the Court should grant the Petition in part and order Respondents to provide

Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or

otherwise release him if he does not have a lawful bond hearing within that period.[3]

---

[3] While Judges in this District, including the undersigned, have considered release for noncitizens whose earlier humanitarian parole under § 1182(d)(5) was improperly revoked, the undersigned concludes here Petitioner has not sufficiently raised a claim alleging the circumstances of his parole revocation and re-detention entitle him to release rather than a bond hearing.  *Accord Ewere v. Cerna*, No. CIV-26-320-SLP, 2026 WL 1207088, at *2 (W.D. Okla. May 4, 2026) (ordering release where ICE improperly revoked petitioner's prior humanitarian parole).  Further, this Court has declined to find that termination of humanitarian parole under § 1182(d)(5)(A) entitles a noncitizen to release.  *See, e.g. Aitiev*, 2026 WL 2125893, at *2 (finding a similarly situated petitioner "has a protected liberty interest in remaining out of custody" but declining to hold that re-detention in violation of § 1182(d)(2) entitles him to additional relief); *accord Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *2 n.2 (W.D. Okla. July 29, 2026) (finding in analogous circumstances that termination of humanitarian parole under § 1182(d)(5)(A) provides "no avenue for relief").  Accordingly, the undersigned does not address such a claim or recommend Petitioner's release on that basis.

**C.      The Court should decline to address Petitioner's remaining due process claims.**

Petitioner also challenges his prolonged and continued detention without individualized review in violation of his due process rights.  Pet. at 7-8.  If the Court grants Petitioner relief with a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claims based on his continued detention.  *See, e.g.*, *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 n.2 (W.D. Okla. Dec. 22, 2025) (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V.      Petitioner's Pending Motions

On May 13, 2026, Petitioner filed a Motion to Supplement the Record, Doc. 5, with an attached Supplemental Memorandum in Support of the Petition, Doc. 6.  On the same day, Petitioner also filed a Motion to Prevent Transfer During Pending Habeas Proceedings, Doc. 7.  The undersigned has considered Petitioner's supplement, Doc. 6, when making this recommendation.  Further, adoption of this Report and Recommendation would moot Petitioner's request to prevent transfer during the pendency of the case.

On May 15, 2026, Petitioner filed a Motion to Amend the Petition, Doc. 9, seeking to "supplement the pending Petition for Writ of Habeas Corpus" to request that "if this Court orders an individualized bond hearing or other custody review, the burden of proof be placed upon the Government."  *Id.* at 1.  However, as already discussed, this Court has consistently declined to order burden shifting.  *See, e.g., Singh*, 2026 WL 1181699, at *1

n.2. Accordingly, considering this Court's prior rulings, it is unnecessary to allow Petitioner to amend his Petition to request burden shifting.

Therefore, the Court should deny all of Petitioner's pending motions as moot.

## VI.   Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.  Further, the undersigned recommends the Court **DENY as moot** Petitioner's pending motions, Doc. 5, 7, and 9.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 20, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **August 25, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 13th day of August, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

11